# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | |
|---|---|
| DAVID MASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:07-cv-10 |
| ) | Phillips |
| USEC INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND OPINION

In the instant action, plaintiff claims that, after his term of employment with defendant, defendant committed unlawful actions to hinder and restrain his future employability. The defendant has filed a motion to dismiss [Doc. 2] pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, alleging that the plaintiff executed a release, which precludes the plaintiff's claims; the plaintiff failed to file this action within the appropriate statutes of limitation for certain claims; and that the amended complaint otherwise fails to state a cause of action upon which relief can be granted. In response, the plaintiff filed an amended complaint alleging additional theories of liability, as well as filed his response in opposition to defendant's motion to dismiss. The Court has carefully considered the parties' arguments. For the reasons that follow, defendant's dispositive motion [Doc. 2] is **GRANTED in part and DENIED in part as set forth below**.[1]

---

[1] The plaintiff has requested oral argument with respect to defendant's dispositive motion in his response. However, the Court has reviewed the briefs and evidence submitted and does not feel that oral argument is necessary. Therefore, plaintiff's request for oral argument is denied**.**

1

**I.     Facts**

As the law requires, all disputed facts and inferences are resolved most favorably to the plaintiff. Furthermore, the Court merely provides an abridged summary of relevant facts for the purposes of this opinion.

Plaintiff David L. Mason ("Mason") began employment with the defendant USEC, Inc. ("USEC") on June 30, 2000. On September 30, 2005, plaintiff was advised that his services were no longer needed and that his employment would effectively end on October 7, 2005. With the plaintiff's departure, the parties entered into a separation agreement in which the plaintiff received a severance and the defendant received a general release of claims as well as the understanding that the plaintiff would not be permitted to compete with competitive businesses for one (1) year.

At the time the severance agreement was entered into, plaintiff alleges that the defendant knowingly made false statements concerning alleged security violations by plaintiff to the Department of Energy ("DOE") and withheld such actions from him. Plaintiff further alleges that these false statements caused plaintiff to lose his security clearance, which adversely affected his employment marketability.[2] There had been no mention by

---

[2] A security clearance, more specifically a "Q" security clearance, is essential in plaintiff's line of business. This security clearance allowed the plaintiff to conduct further work upon the DOE facilities and with contractors for the DOE. Holding such a clearance is a prerequisite for individuals such as plaintiff to be able to obtain and maintain full employment at certain DOE facilities and with certain DOE contractors, including but not limited to subcontractors affiliated therewith at DOE's facilities nationwide for purposes of

USEC to plaintiff of any alleged security violations committed by plaintiff, nor had one been committed.

On or about May 11, 2006, plaintiff allegedly discovered defendant's improper actions. Shortly thereafter, on November 1, 2006, the plaintiff filed suit against USEC alleging the following claims, as set forth in plaintiff's second amended complaint: 1) intentional/reckless interference with business relationship, 2) a deceptive act and/or trade practice, 3) inducement to breach a direct or implied contract between plaintiff and the DOE, 4) defamation by means of libel and slander, 5) breach of the implied duty and obligation of good faith of the employer with regard to the separation agreement between the plaintiff and defendant, and 6) fraudulent inducement to contract.

## II. Standard of review

Before the Court is a motion to dismiss. While styling the motion as one for dismissal, in its memorandum in support of the motion, the defendant argues from the summary judgment point of view. The Court notes that Fed.R.Civ.P 12(b) requires the Court to treat the motion to dismiss under Fed.R.Civ.P. 12(b)(6) as a motion for summary judgment if matters outside of the pleadings are presented to and not excluded by the Court. The Court will therefore consider the motion as one for summary judgment.

---

performing consulting work and/or other tasks of employment.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted by a court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. A court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir.1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987).

Once the moving party presents evidence sufficient to support a motion under Rule 56 of the Federal Rules of Civil Procedure, the nonmoving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence, which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

### III.     Motion for summary judgment and applicable law

The defendant asserts the following arguments: 1) plaintiff's claims are barred by the September 20, 2005 severance agreement and general release; 2) the applicable

4

statutes of limitation preclude certain claims; and/or 3) plaintiff has failed to state an actionable claim upon which relief may be granted. Defendant's contentions are addressed in turn below.

  A.  The release

On September 30, 2005, the plaintiff signed a severance agreement and general release in exchange for a severance package. As a part of this agreement and release, the plaintiff agreed to release "any and all actions . . . arising from or relating in any way to [plaintiff's] employment relationship or the termination of [plaintiff's] employment relationship with USEC." Such releases are generally enforceable. However, a termination/release agreement will not preclude a cause of action when entered into in bad faith, as all contracts have an implied obligation of fair dealing and good faith. *Covington v. Robinson*, 723 S.W.2d 643, 645 (Tenn.Ct.App. 1986) (*citing* Restatement (Second) of Contracts § 205 (1979), 17 Am.Jur.2d Contracts § 256 (1964).

In the instant case, the plaintiff has alleged that the defendant entered into the termination agreement in bad faith. Additionally, the plaintiff has asserted that he was fraudulently induced into the contract. Essentially, the plaintiff contends that, at the time the severance agreement was entered into, the defendant knowingly made false statements regarding plaintiff to the DOE, without informing plaintiff of this action, as well as intended to induce plaintiff into the contract without plaintiff's knowledge of defendant's actions. The plaintiff maintains that such actions were material, and, if plaintiff had known

of such actions, he would not have entered into the agreement. Plaintiff further articulates that he was not aware at the time of contracting that defendant had or would take steps to jeopardize his security clearance. As a result of defendant's actions, plaintiff believes that he has lost job opportunities well beyond those contemplated pursuant to the severance agreement. Presuming these facts to be true, as the Court must, defendant's dispositive motion with respect to the release is denied to allow the plaintiff further discovery on the issue of whether the defendant acted in good faith when negotiating and executing the termination agreement. Accordingly, plaintiff's claims are not barred by the general release at this time.

B. <u>Intentional/reckless interference with business relationship</u>

In order to prevail on a cause of action for intentional interference with a business relationship, a plaintiff must show (1) the existence of a business relationship or expectancy (not necessarily contractual); (2) knowledge by the interferer of the relationship or expectancy; (3) an intentional act of interference; (4) proof that the interference caused the harm sustained; and (5) damage to the plaintiff. *Nelson v. Martin*, 958 S.W.2d 643, 645 n. 3 (Tenn.1997) (*quoting Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 823 (Tenn. 1994)).

The plaintiff alleges that the five year security clearance granted in 2004 was a prerequisite for plaintiff to conduct work upon the DOE facilities and mandatory for DOE contractors. Plaintiff avers that knowledge of that relationship can be reasonably inferred

6

from the allegations in the complaint.  Also, by relaying false information to the DOE, plaintiff asserts that the defendant used improper means to interfere with the relationship between the DOE and the plaintiff, which in turn resulted in damage to the plaintiff.  The Court finds that the plaintiff has submitted sufficient evidence to sustain his claim at this time and is allowed the opportunity to develop the record in support of his cause of action.

With respect to defendant's statute of limitation argument, the time period to file a claim for interference with a business relationship , when the business relationship is one of an at-will nature, is one (1) year.  *Sudberry v. Royal & Sun Alliance*, No. M2005-00280-COA-R3-CV, 2006 WL 2091386, at *5 (Tenn.Ct.App. July 27, 2006); *see also* Tenn. Code Ann. § 28-3-104.  However, a cause of action for tort accrues when the injury occurs or when it should have been discovered.  *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn. 1990); *see also* Tenn. Code Ann. § 28-3-104(b)(3) ("Under no circumstances shall the cause of action be barred before the person sustains an injury.").  "The discovery rule applies only in cases where the plaintiff does not discover and reasonably could not be expected to discover that he had a right of action.  Furthermore, the statute is tolled only during the period when the plaintiff had no knowledge at all that the wrong had occurred and, as a reasonable person, was not put on inquiry." *Id.* (citation omitted).

As the plaintiff claims that he was not aware of defendant's unlawful conduct until May 11, 2006 and the complaint in this case was filed on or about November 1, 2006, at this juncture of the case, it appears that the plaintiff timely filed his claim for intentional/reckless interference with business relationship within the applicable limitation

period.

### C. Deceptive act and trade practice

Defendant's only point of contention with plaintiff's deceptive act and trade practice claim is that the cause of action is barred by applicable statutes of limitation. Under the Tennessee Consumer Protection Act, a plaintiff must commence his or her claim within one (1) year from the plaintiff's discovery of the unlawful act. Tenn. Code Ann. § 47-18-110. Moreover, a common law action for "deceptive act and trade practice," which is an action sounding in tort, must also be brought within one (1) year. Tenn. Code Ann. § 28-3-104. As mentioned above, the plaintiff claims to have discovered the alleged unlawful action on May 11, 2006 and thereafter filed his complaint on November 1, 2006. Accordingly, it appears that the plaintiff's claim is not barred.

### D. Unlawful restraint upon trade

As set forth in the plaintiff's response to the defendant's dispositive motion and evidenced by his recently filed second amended complaint, the plaintiff has omitted the theory of unlawful restraint upon trade from his cause of action. Accordingly, defendant's dispositive motion with respect to an unlawful restraint upon trade is denied as moot.

E.     Inducement to Breach

The basis of defendant's contention with respect to plaintiff's inducement to breach claim is that the plaintiff has failed to plead or attach to his complaint or amended complaint any contract between himself and the DOE. In other words, defendant asserts that, since there was no contract (either direct or implied) with the DOE, the defendant cannot be found to have interfered with a non-existent right. However, in response to this assertion, the plaintiff claims that the security clearance in fact was contractual between the DOE and himself. As to this dispute, the Court finds that further discovery is needed to clarify the issue. Accordingly, defendant's requested relief is denied.

E.     Slander and libel

The defendant's sole arguments with respect to plaintiff's claims of slander and libel are based upon the statute of limitation ground. A cause of action for slander must be brought within six (6) months after the words are uttered. Tenn. Code Ann. § 28-3-103. As the false statements were alleged to have been uttered on or about October 23, 2005, plaintiff concedes that the instant slander action is barred. However, with respect to the libel cause of action, the action must be commenced within one (1) year, Tenn. Code Ann. § 28-3-104, and the discovery rule applies. *See Leedom v. Bell*, C.A. No. 03A01-9704-CV-00136, 1997 WL 671918, at * 6 (Tenn.Ct.App. Oct. 29, 1997). Since it appears that the plaintiff commenced his libel action within one (1) year of discovery, plaintiff has timely brought his libel claim, and said action is not precluded.

F. <u>Breach of implied duty of good faith</u>

Each party to a contract owes the other a duty of good faith and fair dealing as it pertains to the performance of the contract. *Barnes & Robinson Company, Inc. v. Onesource Facility Services, Inc.*, 195 S.W.3d 637, 642 (Tenn.Ct.App. 2006). "Thus, each party to a contract promises to perform its part of the contract in good faith." *Id.* The purpose of this implied-in-law covenant is to protect the rights of the parties to receive the benefits of the agreement they executed. *Id.*

The plaintiff has alleged that "the defendant entered into [the subject agreement] in bad faith, knowing that it was going to sabotage Plaintiff's future employment by conveying dishonest information about plaintiff concerning an alleged security violation." The Court finds that this claim, at this point in time, has been sufficiently pled. *See Covington v. Robinson*, 723 S.W.2d at 645. Accordingly, the plaintiff is permitted latitude to develop the record in support of this claim.

**IV. CONCLUSION**

For the reasons hereinabove set forth, defendant's dispositive motion [Doc. 2] is **GRANTED in part and DENIED in part**. Defendant's motion is **GRANTED** with respect

to plaintiff's slander claim; **DENIED as moot** with respect to plaintiff's unlawful restraint upon trade claim; and **DENIED subject to refiling** after further discovery as to the remaining claims.

**IT IS SO ORDERED.**

**ENTER:**
s/Thomas W. Phillips
UNITED STATES DISTRICT JUDGE